UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MAGEEDAH AKHTAB,

        Plaintiff,

    - against -

BCBG MAX AZRIA GROUP INC.,
DESIREE MOGHIMI, LINDA MORA,
TRACY KIM, MELISSA MANGIN, MATT
DONAHUE, SARA DERR, and CARLA
MARCIAS,

        Defendants.

------------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

11 Civ. 4567 (SAS)



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On June 10, 2011, plaintiff Mageedah Akhtab, proceeding pro se,

commenced a state-court action in the Supreme Court of the State of New York,

County of New York.[1]  On July 5, 2011, defendants timely removed that action to

this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1441

("section 1441").  Plaintiff alleges the following causes of action in her Complaint:

(1) race and national origin discrimination in violation of Title VII of the Civil

---

[1]    On June 10, 2011, the New York County Clerk received plaintiff's Complaint, dated June 9, 2011, and assigned Index No. 11/106770 to the case. *See* 7/5/11 Notice of Removal ¶ 1.

Rights Act of 1964[2] ("Title VII") and the New York City Human Rights Law[3] ("NYCHRL") against defendant BCBG Max Azria Group Inc. ("BCBG"); race and national origin discrimination in violation of the New York State Human Rights Law[4] ("NYSHRL") and the NYCHRL against the individual defendants; retaliation in violation of Title VII and the NYCHRL against BCBG; and retaliation in violation of the NYSHRL and the NYCHRL against the individual defendants. Defendants now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's Complaint in its entirety. Defendants' motion is granted, in part, for the following reasons.

On March 10, 2010, plaintiff filed charges with the United States Equal Employment Opportunity Commission ("EEOC") alleging wrongful termination, retaliation, and denial of employment.[5] In July 2010, plaintiff received a right-to-sue letter from the EEOC.[6] Plaintiff's state-court action, however, was not filed until June 10, 2011, more than ten months later. It is well-

---

[2]    42 U.S.C. § 2000e *et seq.*

[3]    N.Y.C. Admin. Code § 8-107.

[4]    N.Y. Exec. Law § 296.

[5]    *See* Complaint ¶ 4.

[6]    *See id.* ¶ 5. For purposes of this Order, it will be assumed that plaintiff received her right-to-sue letter on the last business day of that month, which was July 30, 2010.

established that in order to be timely, an action pursuant to Title VII must be commenced within ninety (90) days after the issuance of a right-to-sue letter by the EEOC.[7]  Because plaintiff missed the ninety-day deadline by more than seven (7) months, her Title VII claims against BCBG must be dismissed as untimely.[8]

Plaintiff's Title VII claims against BCBG were the only federal claims in this case and were the sole ground for removal.[9]  Because the only federal claims have now been dismissed, this Court declines to exercise supplemental jurisdiction over plaintiff's state and city law claims.[10]  Having relinquished jurisdiction over this case, the most appropriate course of action is to remand the

---

[7]    *Brown v. Research Found. of SUNY Oneonta*, 381 Fed. App'x 119, 120 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1) (stating that the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge").

[8]    Plaintiff brought another action against BCBG which is pending before the Honorable Alvin K. Hellerstein. *See Aktab v. Azria*, 10 Civ. 3285 (AKH).  That action was filed on April 19, 2010, before plaintiff received her right-to-sue letter from the EEOC.

[9]    *See* Notice of Removal ¶ 4 (citing 28 U.S.C. §§ 1441 and 1446). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

[10]    *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

case to state court so that plaintiff can pursue her state and city law claims against

BCBG and the individual defendants.  Remand is in accordance with the Supreme

Court's decision in *Carnegie-Mellon University v. Cohill*, which held as follows:

> We conclude that a district court has discretion to remand
> to state court a removed case involving pendent claims
> upon a proper determination that retaining jurisdiction over
> the case would be inappropriate.  The discretion to remand
> enables district courts to deal with cases involving pendent
> claims in the manner that best serves the principles of
> economy, convenience, fairness, and comity which underlie
> the pendent jurisdiction doctrine.[11]

Remand is preferable to dismissal given the potential statute of

limitations problems.[12]  Given the three-year statute of limitations applicable to

plaintiffs' NYSHRL and NYCHRL claims,[13] any claims based on conduct

occurring prior to June 2008 are already time-barred.  Outright dismissal would

further limit plaintiff's potential recovery.  Such a result would not be in the

interest of justice and is therefore rejected.

---

[11]     484 U.S. 343, 357 (1988).

[12]     *See id.* at 351-52 (stating that "a remand generally will be preferable
to a dismissal when the statute of limitations on the plaintiff's state-law claims has
expired before the federal court has determined that it should relinquish
jurisdiction over the case").

[13]     *See* N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d).

In sum, plaintiff can litigate her Title VII claims in the case before Judge Hellerstein while her state and city claims will be resolved in state court. Although this sort of bifurcation may not be the most efficient approach, it is the fairest result under the circumstances. Accordingly, plaintiff's Title VII claims are hereby dismissed with prejudice. Plaintiff's remaining claims are remanded to the Supreme Court of the State of New York, County of New York. The Clerk of the Court is directed to close this case and remand it forthwith.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          October 13, 2011

5

## - Appearances -

**Plaintiff (Pro Se):**

Mageedah Akhtab
776 Barbey Street, Apt. 2F
New York, NY 11207
(347) 388-0865

**For Defendants:**

Lori Diane Bauer, Esq.
Jackson Lewis LLP
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4000